## JONES v. PARKER.

An action upon a promissory note is a proper matter for the consideration of an auditor, when an investigation of accounts or an examination of vouchers is necessary on the trial of the merits.

A report will not be recommitted to an auditor where it shall appear that the case was not a proper one for the action of an auditor. In such a case, the report should be set aside and the rule discharged.

ASSUMPSIT on a promissory note. After the first trial, and judgment for the plaintiff, the case upon review was committed to an auditor, who made report, generally, that he found due to the plaintiff the amount of the first judgment and interest. The case was tried, and the auditor's report offered by the plaintiff; but upon its being objected that the case was not a proper one for an auditor, and that the report was therefore inadmissible as evidence, the plaintiff waived the reading and proceeded to trial.

The defence rested upon the ground that the note was not that of the defendant, but of the Avery Factory Company; and the trial of the issue required the examination of several books of account, receipts and other papers. The jury did not agree upon a verdict, and the plaintiff, after their discharge, moved that the case be again committed to an auditor.

*Rogers*, for the plaintiff.

*James Bell*, for the defendant.

Auditors are to be appointed only where accounts are to be investigated and vouchers examined, for the purpose of stating the accounts between the parties. Such is the fair construction of the statute, and the practice has been in accordance with it. Rev. Stat. chap. 189.

The authority of auditors " extends to the matters embraced in the record, and is limited to the matters embraced in the record." *Merrill* v. *Russell*, 12 N. H. Rep. 77.

Matters of defence which are not matters of account, are not to be passed upon by auditors. *Jones* v. *Stevens*, 5 Met. Rep. 373.

In actions of many forms, the state of the accounts between the parties may require investigation collaterally, as in any action where the question of fraud in a conveyance, of the satisfaction of a mortgage, &c., arises, but it has

never been supposed that auditors can have authority to act in such cases.

In this case the action is founded upon a note; and the question is, whether the defendant is one of the parties liable upon that note, and an auditor's report stating the account between the plaintiff and the Avery Factory Company, or the plaintiff and the defendant, would have no bearing upon the case unless the auditor went into an examination of the question as to what formed the consideration of the note in suit, and embraced in his report his conclusion upon that question. But he is to report nothing but what may be stated in the form of an account, to be used as evidence in the cause, though he may, of course, state the grounds upon which he has admitted or rejected different items of account, in order that the court may revise his decisions. *Whitwell* v. *Willard,* 1 Met. Rep. 216; *Lyman* v. *Warren,* 12 Mass. Rep. 412.

WOODS, J. The first question arising in this case is whether it was a proper one for the action of an auditor. The language of the statute is, that " whenever it shall appear to the superior court or court of common pleas that an investigation of accounts or an examination of vouchers is necessary in any action pending in said court, they may appoint one or more auditors to state the accounts between the parties." It is contended on the part of the defendant that the present action, being founded upon a note of hand, is not a proper one for the consideration of an auditor, and that those cases only in which the claims are in fact accounts between the parties, fall properly within the meaning of the statute.

But this is certainly not in accordance with the practice that has prevailed. Actions upon notes of hand and upon orders have been committed to auditors, when it has been shown to the court that upon the trial of the merits of the

case, accounts must be investigated or vouchers examined. And in actions of assumpsit on special contracts, upon the trial of which such examination has been shown to be necessary, the practice has been to appoint auditors. And the court here see no objection to that very familiar course of practice. It has the advantage of letting in the testimony of both parties to explain accounts and vouchers which often are capable of explanation in no other way. And we do not see the force of the objection made, that the accounts and vouchers in this case are collateral matters, and are not the matters out of which, directly, the account between the parties is to be stated.

The result to be arrived at and to be stated is, whether the defendant is indebted to the plaintiff for the amount of the note sued, or any part of it. That, it is understood, depends upon the question whether the undertaking in the note is that of the defendant or of the Avery Factory Company. And it is further understood that the decision of that question depends, in some way, upon an investigation of accounts and vouchers. In short, it is made to appear that the examination of books of account, receipts, and other vouchers, was necessary. It was therefore a proper case to be sent to an auditor, within the words and meaning of the statute.

Another question arises upon the motion to recommit the case to the auditor. It does not appear that the report was, by reason of any thing it contained, or any fault or irregularity in the proceedings of or before the auditor, an improper document to be laid before the jury. The case merely finds that the defendant objected that the cause was not a proper one to have been submitted to an auditor, and that the plaintiff thereupon waived the reading of the report. Such a state of facts furnishes no ground for a motion to recommit. If the defendant's objection, to which the plaintiff yielded, were well founded, it would be good cause for setting aside the report and discharging the rule.

No other reason is suggested why the report should be re-committed.   The motion is therefore denied.

*Motion denied.*